The Honorable Shawn A. Womack State Representative P.O. Box 332 Mountain Home, AR 72654-0332
Dear Representative Womack:
You have requested an Attorney General opinion concerning a proposed school district transfer that would affect the Mountain Home School District.
You indicate that the Mountain Home School District extends to the state line between Arkansas and Missouri. A family who lives over the border in Missouri has requested that their kindergarten child be allowed to enroll in the Mountain Home School District, because one of the parents in the family works in Mountain Home. This arrangement would involve transferring the child out of a Missouri school district.
You have asked:
 Can a child who resides out of state transfer into an Arkansas school district? If so, what steps are necessary to effect the transfer?
As an initial matter, I must note that I cannot opine specifically or definitively with regard to the particular fact situation you have presented, or with regard to any other particular fact situation. The proper disposition of individual scenarios will turn entirely upon the facts of each case. Because I am not privy to all of these facts, I am not in a position to make a final determination. Nevertheless, I will set forth the provisions of state law that may be applicable to the given facts, upon the basis of which you can assess the situation.
A transfer such as you have described is not prohibited by Arkansas law. Moreover, such a transfer is consistent with tradition in this state. It has been a long-standing practice in Arkansas to allow students from neighboring states to attend Arkansas schools in border cities. The Arkansas Supreme Court recently recognized this practice, without question, in Hall v. Tucker, 336 Ark. 112, ___ S.W.2d ___ (1999). Although there is no specific statutory authority for the practice,[1]
the legislature has also implicitly recognized that it occurs. See,e.g., A.C.A. § 6-17-404. Accordingly, there appears to be implicit sanctioning of the practice by both the legislative and judicial branches of Arkansas state government.
In addition, a transfer of this nature may be specifically authorized in a situation where an Arkansas school district has entered into a contractual agreement with an out-of-state school district [for example, under the authority of the Interlocal Agreement Act, A.C.A. § 25-20-101et seq., or other contractual authority of the school district, see,e.g., A.C.A. § 6-2-109] for the exchange of students. In such a situation, the particular requirements for the transfer will be governed by the terms of the contract authorizing the transfer.
Any school district that allows a transfer of this nature should be diligent not to allow the transfer to affect its compliance with requirements of state or federal law concerning such matters as school funding and racial balance.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It is my opinion that this practice is not authorized by any of the school transfer statutes, such as the "Public School Choice Act", A.C.A. § 6-18-206; the provisions of A.C.A. § 6-18-307 (allowing for transfer to another district within seven miles of the student's residence); or the provisions of A.C.A. § 6-18-316 (allowing for transfer on petition of the student). My conclusion regarding this matter is based on the fact that all of these statutes purport to govern both the sending and receiving school district. Because the Arkansas legislature cannot govern out-of-state school districts, I must conclude that these acts must apply only to transfers between Arkansas school districts.